**THIGPEN v. NGO**

[143 N.C. App. 225 (2001)]

KENDRA J. THIGPEN, Plaintiff-Appellant v. CORAZON NGO, M.D., MARSHALL B. FRINK, M.D., NATIONAL EMERGENCY SERVICES, INC., EMERGENCY PHYSICIANS ASSOCIATION, INC., CP/NATIONAL, INC. a/k/a COMMUNITY PHYSICIANS/NATIONAL, INC., and ONSLOW COUNTY HOSPITAL AUTHORITY, Defendant-Appellees

No. COA00-410

(Filed 1 May 2001)

**Medical Malpractice— Rule 9(j) certification—Rule 56—dismissal improper—summary judgment improper**

The trial court erred in a medical malpractice action by dismissing plaintiff's initial complaint based on a lack of N.C.G.S. § 1A-1, Rule 9(j) certification and by granting summary judgment on plaintiff's amended complaint under N.C.G.S. § 1A-1, Rule 56.

Judge Biggs dissenting.

Appeal by plaintiff from judgment entered 6 December 1999 by Judge Jay D. Hockenbury in Superior Court, Onslow County. Heard in the Court of Appeals 6 February 2001.

*Jimmy F. Gaylor for plaintiff-appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by E.C. Bryson, Jr. and Christopher J. Derrenbacher, for defendant-appellees Marshall B. Frink, M.D., National Emergency Services, Inc., and CP/National, Inc., a/k/a Community Physicians/National, Inc.*

McGEE, Judge.

Plaintiff appeals the dismissal and entry of summary judgment in her medical malpractice suit as to defendants Marshall B. Frink, M.D. (Frink), National Emergency Services, Inc. (NES), and CP/National, Inc., a/k/a Community Physicians/National, Inc. (CP/N). For the reasons stated below and in companion case COA00-409, we reverse the trial court's dismissal and summary judgment.

Plaintiff alleges that defendants committed medical malpractice on 8 June 1996. On 8 June 1999, plaintiff secured an extension of 120 days to the three-year statute of limitations for actions for medical

malpractice pursuant to N.C. Gen. Stat. § 1A-1, Rule 9(j). On 6 October 1999, the final day of the extension, plaintiff filed a complaint which lacked the certification required by Rule 9(j). On 12 October 1999, before defendants had filed responsive pleadings, plaintiff amended her complaint as a matter of course pursuant to N.C. Gen. Stat. § 1A-1, Rule 15(a) to include the requisite Rule 9(j) certification.

In November 1999, defendants Frink, NES and CP/N moved for judgment on the pleadings and summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(c) and 56. On 6 December 1999, the trial court dismissed plaintiff's original complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 9(j) for lack of certification and granted summary judgment on plaintiff's amended complaint in favor of defendants Frink, NES and CP/N pursuant to Rule 56 insofar as the claims were barred by the statute of limitations for actions for medical malpractice. Plaintiff appeals the trial court's judgment.

Plaintiff assigns error to "[t]he court's granting of the defendants' motions under N.C.R.Civ.P. 12(b)(6)9(j)" [sic] and cites to an incorrect page in the record for the error, in violation of N.C.R. App. P. 10(c)(1). Defendants Frink, NES and CP/N made no Rule 12(b)(6) motion, and plaintiff assigns no error to the trial court's grant of summary judgment in favor of defendants Frink, NES and CP/N. In fact, plaintiff's assignments of error in the present case are identical to those in companion case COA00-409, plaintiff's appeal from a dismissal under Rules 9(j) and 12(b)(6). In our discretion we nonetheless consider the arguments of plaintiff pursuant to N.C.R. App. P. 2.

All other issues presented in the present case are considered and resolved in companion case COA00-409. The trial court erred in dismissing plaintiff's initial complaint and in granting summary judgment on plaintiff's amended complaint. Accordingly, we reverse the trial court's judgment.

Reversed.

Judge WYNN concurs.

Judge BIGGS dissents.

**THIGPEN v. NGO**

[143 N.C. App. 225 (2001)]

BIGGS, Judge dissenting.

The plaintiff's assignments of error in the present case are identical to those considered and resolved in companion case COA00-409 filed on 1 May 2001. Accordingly, I dissent and find that the trial court did not abuse its discretion in dismissing plaintiff's original complaint, nor did it err in granting summary judgment as to plaintiff's amended complaint for the reasons set forth in the dissent in companion case COA00-409.

I would affirm the decision of the trial court in this case.